IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAGDALENA MCCALL, | § | CV NO. 5:14-cv-1008-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JP MORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by JP Morgan Chase Bank, N.A. ("Defendant") (Dkt. # 3). Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. For the reasons that follow, the Court **GRANTS** Defendant's Motion (Dkt. # 3).

BACKGROUND

In October 2005, Plaintiff obtained a loan in the amount of $132,000 to secure the mortgage on a property located at 2142 James Bonham Street, San Antonio, TX 78238 (the "Property"). (Dkt. # 1, Ex. A-2 at 3, 6; Dkt. # 3, Ex. A.) In July 2013, Plaintiff began falling behind on her mortgage payments. (Dkt. # 1, Ex. A-2 at 6.) Plaintiff alleges that she submitted loan modification requests in June, July, August, September, and October of 2014 and was repeatedly told that

1

Defendant was working to open a loan modification review.  (Id. at 6–7.) Nevertheless, Defendant scheduled the property for a November 4, 2014 foreclosure sale.  (Id. at 3.)

On November 4, 2014, Plaintiff filed suit against Defendant in the 45th District Court of Bexar County, Texas, demanding temporary and permanent injunctions to enjoin the foreclosure sale scheduled for that day, as well as attorney's fees.  (Id. at 2–4.)  On the same day, the court granted a temporary restraining order that stayed the foreclosure sale and set a hearing for November 18, 2014.  (Dkt. # 1, Ex. A-4 at 2.)

On November 13, 2014, Defendant removed the case to this Court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Dkt. # 1.)  Defendant filed the instant Motion to Dismiss on November 20, 2014.  (Dkt. # 3.)  Plaintiff filed no response.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d

191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

In its Motion, Defendant argues that injunctive relief and attorney's fees are unwarranted because Plaintiff neither alleges a cause of action nor identifies a legal or factual basis that would afford her relief.  (Dkt. # 3 at 3–4.)

Although Plaintiff does not explicitly allege a claim of wrongful foreclosure in her Petition, a liberal construction of the facts therein suggest that she may have intended such a claim.  The factual basis of Plaintiff's claim alleges:

> Prior to the filing of this action, Plaintiff as an eligible debtor under federal law, requested, a 30 day extension to cure the default on the indebtedness, but Defendant failed to acknowledge receipt of such request until one day prior to the filing of this suit.  Regardless, of having acknowledged Plaintiff's request for a 30 day extension to cure to the default, foreclosure on the indebtedness was posted and notice give [sic] to Plaintiff of Defendant's intent to foreclose on the real property made the basis of this suit on November 4, 2014, in Bexar County, Texas.

(Dkt. # 1, Ex. A-2 at 3.)

To make out a wrongful foreclosure claim under Texas law, a plaintiff

3

must show (1) "a defect in the foreclosure sale proceedings"; (2) "a grossly inadequate selling price"; and (3) "a causal connection between the defect and the grossly inadequate selling price." Miller v. BAC Home Loans Servicing, L.P., 726 F.3d 717, 726 (5th Cir. 2013) (internal quotation marks omitted) (quoting Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App. 2008)).

Even taking the facts in the light most favorable to Plaintiff, the Petition does not support a wrongful foreclosure claim. Plaintiff alleges no facts that Defendant actually foreclosed on the Property, which renders any wrongful foreclosure claim insufficient. See Filgueira v. U.S. Bank Nat'l Ass'n, 734 F.3d 420, 423 (5th Cir. 2013) ("No sale took place here, as the state court granted an injunction to prevent the sale of the house. Without a sale of the house, there can be no viable wrongful foreclosure claim under Texas law."); see also Taylor v. Chase Home Fin. N.A., No. 3:13-CV-4793-M-BN, 2014 WL 1494031, at * 3 (N.D. Tex. Apr. 15, 2014) (finding that the plaintiff failed to state a claim for wrongful foreclosure because he failed to allege sale of the property); Kissoon v. PNC Mortg., No. H-13-3571, 2014 WL 126002, at *2 (S.D. Tex. Jan. 11, 2014) (same); Landry v. Wells Fargo Home Mortg., Inc., No. EP-13-CV-144-KC, 2013 WL 5278497, at *4 (W.D. Tex. Sept. 18, 2013) (finding that the plaintiff failed to allege a § 51.002 claim because she did not allege a sale of her property). To the extent Plaintiff would like to characterize the events as attempted wrongful

foreclosure, her claim fails because Texas does not recognize such a cause of action.  See Port City State Bank v. Leyco Constr. Co., 561 S.W.2d 546, 547 (Tex. App. 1997).

Similarly, even if the Court were to construe Plaintiff's Petition to contain a breach of contract claim, that claim would fail.  A breach of contract claim under Texas law requires that a plaintiff show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  Smith Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir. 2007).  In her petition, Plaintiff alleges that Defendant commenced with foreclosure proceedings despite receiving Plaintiff's request for a thirty-day extension to cure.  (Dkt. # 1, Ex. A-2 at 3.)  However, Plaintiff's allegations also state that she was in default on her mortgage payments.  (See id.)  She makes no allegation there was a contract preserving a right to cure.  Accordingly, at a minimum, Plaintiff cannot show that she tendered performance and therefore cannot make out a prima facie case of breach of contract.

Because Plaintiff has no viable substantive claims, she is not entitled to injunctive relief.  See Taylor, 2014 WL 1494061, at *3 (finding that injunctive relief on the plaintiff's foreclosure claims was improper because there were no valid underlying claims that survived dismissal); Denman v. Wells Fargo Bank,

N.A., No. 5:13-CV-11-XR, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013) (declining to extend injunctive relief when the plaintiffs failed to assert a cause of action against the defendant and failed to allege facts showing that the defendant was not entitled to foreclose on their property).  Similarly, without any substantive claims, her request for attorney's fees cannot stand.  See Dall. Cent. Appraisal Dist. v. Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992) ("Attorney's fees may not be recovered unless provided for by statute or by contract between the parties.").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. # 3).

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, February 4, 2015.

_____
David Alan Ezra
Senior United States Distict Judge